UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------x
WASTE MANAGEMENT OF NEW
JERSEY, INC.

    Plaintiff,

    v.

TEAMSTERS-EMPLOYERS LOCAL 945
PENSION FUND

    and

TRUSTEES OF TEAMSTERS-
EMPLOYERS LOCAL 945 PENSION
FUND

    Defendants.
---------------------------------------------------x

Case No. 2:10-CV-03984-FSH-PS

## DECLARATION OF CATHERINE OAKES
### IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION SCHEDULED FOR SEPTEMBER 29, 2010

I, Catherine Oakes, hereby declare as follows:

1. I am Plan Manager of the Teamsters-Employers Local 945 Pension Fund (the "Fund") and the I.B.T. Local 945 Health and Welfare Fund (the "Welfare Fund") and make this declaration in support of the opposition of Defendants, the Fund and Trustees of Teamsters-Employers Local 945 Pension Fund (the "Trustees") to the motion of Plaintiff, Waste Management of New Jersey, Inc. ("Waste Management") for a temporary restraining order and

preliminary injunction to enjoin arbitration scheduled for September 29, 2010, based upon my personal knowledge of the facts recited herein and upon records maintained under my supervision.[1]

2. As Plan Manager, I provide administrative services to the Fund and the Welfare Fund. I am responsible for the maintenance of the Fund's and the Welfare Fund's records, including without limitation records of employer contributions and the remittance reports.

3. Waste Management contributes to the Fund under collective bargaining agreements with the Union other than the 2004 CBA, that cover certain Waste Management employees not covered by the 2004 CBA.

4. Waste Management was, and is, required to remit with each of its monthly contributions a Remittance Report. In the ordinary course of business, when the Fund receives Remittance Reports from contributing employers, it stamps them "received" and hand-writes the date of receipt.

5. In or about December 2008, the Fund received Remittance Reports from Waste Management with respect to contributions on behalf of employees covered by the 2004 CBA.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth for such terms in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction to Enjoin Arbitration Scheduled for September 29, 2010.

2

6.  The Fund sent Waste Management monthly Remittance Reports for the period January 2009 through June 2009. The Remittance Reports were for contributions to both the Fund and the Welfare Fund under the 2004 CBA.

7.  Waste Management returned the Remittance Reports for the period January 2009 through June 2009 with contributions due under the 2004 CBA to the Welfare Fund to the Fund office, but did not submit the requested contributions for the Fund under the 2004 CBA for such period.

8.  Cindy Gilbert or Karen A. Fuchs, on behalf of Waste Management, each executed multiple sets of Remittance Reports on the "Authorized Signature" line contained therein from 2004 through August 2010.

9.  To date, the Fund has not received contributions from Waste Management on behalf of employees covered by the 2004 CBA in respect of the period January through June 2009.

10. True and correct copies of samples of contribution checks and Remittance Reports submitted by Waste Management with respect to December 2008 contributions under the 2004 CBA and August 2010 contributions under collective bargaining agreements other than the 2004 CBA are annexed to Plaintiff's brief in support of its motion for a temporary restraining order and preliminary injunction to enjoin an arbitration hearing scheduled on September 29, 2010 as Exhibit J.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*Catherine Oakes*
Catherine Oakes

Dated: September 23, 2010
Wayne, New Jersey