NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WASTE MANAGEMENT OF NEW JERSEY, INC., | : <br> : Hon. Faith S. Hochberg <br> : |
| Plaintiff, | : Civil No. 10-3984 (FSH) <br> : |
| v. | : **ORDER** <br> : |
| TEAMSTERS-EMPLOYERS LOCAL 945 PENSION FUND and TRUSTEES OF TEAMSTERS-EMPLOYERS LOCAL 945 PENSION FUND, | : Date: September 27, 2010 <br> : <br> : <br> : |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Plaintiff Waste Management of New Jersey Inc.'s motion for a temporary restraining order and preliminary injunction to enjoin the arbitration between Waste Management and Defendant Teamsters-Employers Local 945 Pension Fund (the "Pension Fund") scheduled to begin before Arbitrator Margaret Leibowitz on September 29, 2010. The arbitration has been convened under the terms of the "Resolution Regarding Collection of Delinquent Contributions From Participating/Contributing Employers," a June 2009 amendment to the Amended Agreement and Declaration of Trust of Defendant Teamsters-Employers Local 945 Pension Fund (the "Resolution"). The Court has fully considered the submitted briefs and accompanying certifications without oral argument pursuant to Fed. R. Civ. P. 78.

1

Injunctive relief is "an extraordinary remedy," which should be granted only in "limited circumstances." KOS Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).  The movant bears the burden to "show that (1) it has a likelihood of success on the merits, (2) it will suffer irreparable harm if the injunction is denied, (3) granting preliminary relief will not result in even greater harm to the nonmoving party, and (4) the public interest favors such relief." Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006).

"If a court determines that a valid arbitration agreement does not exist or that the matter at issue clearly falls outside of the substantive scope of the agreement, it is obliged to enjoin arbitration." PaineWebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir. 1990).  In considering an application for temporary restraints, the Third Circuit has determined that "the harm to a party would be per se irreparable if a court were to abdicate its responsibility to determine the scope of an arbitrator's jurisdiction and, instead, were to compel the party, who has not agreed to do so, to submit to an arbitrator's own determination of his authority." Id. at 515.

Arbitration "'is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" Teamsters-Employer Local No. 945 Pension Fund v. Acme Sanitation Corp., 963 F. Supp. 340, 349 (D.N.J. 1997) (quoting United Steelworkers of America v. Warrior & Gulf Navigation, Co., 363 U.S. 574, 582 (1960)).

Here, Waste Management has demonstrated a likelihood of success on the merits of its claim that it did not consent to the Resolution and thus cannot be forced to arbitrate according to its terms, as opposed to arbitrating pursuant to the terms set forth in the Trust Agreement as it existed at the time of Waste Management's contributions to the Pension Fund or under the

Multiemployer Pension Plan Amendments Act.[1]  Between July 1, 2004 and June 30, 2009, several Waste Management hauling facilities were governed by a single collective bargaining agreement (the "2004 CBA") between Waste Management and the Teamsters Local Union No. 945 (the "Union").  Waste Management ceased making contributions to the Pension Fund under that agreement in December 2008.  Defendants now seek to arbitrate the issue of Waste Management's delinquent contributions according to the terms of the Resolution.

Defendants contend that Waste Management consented to the terms of the Resolution by signing remittance reports containing the following acknowledgment:

> By payment of contributions, the Employer hereby acknowledges that it has a collective bargaining agreement with Local 945 requiring these contributions and accepts and agrees to be bound to the Agreements and Declarations of Trusts Establishing the Teamsters-Employers Local 945 Pension Fund and/or the Local 945 I.B. of T. Welfare Fund, and any Amendments thereto, and all Rules and Regulations adopted by the Trustees of said Funds.

See e.g., Davis Decl., Ex. H.  The acknowledgment was followed by a line labeled "Authorized Signature."

Waste Management did not sign or submit a remittance form to the Pension Fund after December 2008, when it ceased making payments.  Waste Management's last submission of a remittance form to the Pension Fund, thus, occurred fully six months before the Resolution was adopted and made part of the Trust Agreement.  Defendant cites no case law to support the proposition that Waste Management, by signing a December 2008 remittance form, could have

---

[1] Waste Management's application is limited to the imposition of temporary restraints on the basis that it did not consent to arbitrate under the terms of the Resolution and does not extend to the question of the arbitrability of the underlying dispute between the parties more generally.

agreed to an amendment to the Trust Agreement not yet in existence.[2]

Because it appears that Waste Management did not enter into a valid agreement to arbitrate according to the terms of the Resolution, the harm to Waste Management of being forced to go forward with the September 29, 2010 arbitration is per se irreparable.  See PaineWebber, 921 F.2d at 515.

Therefore,

**IT IS** on this 27th day of September 2010, hereby

**ORDERED** that Plaintiff's application for a temporary restraining order enjoining the scheduled September 29, 2010 arbitration is **GRANTED**; and it is

**FURTHER ORDERED** that Defendants may seek a hearing on Plaintiff's application for a preliminary injunction within ten days of the entrance of this Order; and it is

**FURTHER ORDERED** that this Order is limited to enjoining arbitration conducted pursuant to the Resolution, and nothing in this Order should be read to prevent the parties from proceeding to arbitration on their underlying dispute under the terms set forth in the Trust Agreement or under the Multiemployer Pension Plan Amendments Act.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.

---

[2] Defendants further argue that Waste Management consented to the terms of the Resolution by signing remittance forms in making contributions to the Welfare Fund under the 2004 CBA and in making contributions under other collective bargaining agreements with the Union.  However, the acknowledgments contained in these remittance forms do not appear to govern the relationship between the Pension Fund and Waste Management.