# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

CHARLES C CARELLA
BRENDAN T BYRNE
PETER G STEWART
ELLIOT M OLSTEIN
ARTHUR T VANDERBILT, II
JAN ALAN BRODY
JOHN M AGNELLO
CHARLES M CARELLA
JAMES E. CECCHI

JAMES D CECCHI (1933-1995)
JOHN G GILFILLAN III (1936-2008)

JAMES T BYERS
DONALD F MICELI
A. RICHARD ROSS
KENNETH L WINTERS
JEFFREY A COOPER
CARL R WOODWARD, III
MELISSA E FLAX
DENNIS F. GLEASON
DAVID G GILFILLAN
G GLENNON TROUBLEFIELD
BRIAN H FENLON
KHOREN BANDAZIAN
LINDSEY H TAYLOR

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
www.carellabyrne.com

RICHARD K MATANLE, II
FRANCIS C HAND
AVRAM S. EULE
RAYMOND W FISHER
WALTER G LUGER

OF COUNSEL

RAYMOND J LILLIE
WILLIAM SQUIRE
ALAN J GRANT*
MARC D MICELI
RAYMOND E STAUFFER°
STEPHEN R. DANEK
ERIC MAGNELLI
DONALD ECKLUND
VINCENZO M MOGAVERO
AUDRA E PETROLLE
°MEMBER N Y BAR ONLY

October 1, 2010

*VIA ECF and HAND DELIVERY*

Honorable Faith S. Hochberg, U.S.D.J.
United States District Court, District of New Jersey
Frank R. Lautenberg U.S.P.O. Cthse. Bldg., Rm. 6000
P.O. Box 999
Newark, New Jersey 07101

      Re:   Waste Management of New Jersey, Inc. v.
              Teamsters-Employers Local 945 Pension Fund, et al.
              Civil Case No. 10-cv-3984 (FSH) (PS)

Dear Judge Hochberg:

      This firm, together with Schulte, Roth & Zabel, LLP, represent Defendants, Teamsters-Employers Local 945 Pension Fund (the "Fund") and its Trustees (the "Trustees") in the above referenced action. Pursuant to Your Honor's September 27, 2010 order, we write to request a hearing on plaintiff Waste Management of New Jersey, Inc.'s ("Waste Management") application for a preliminary injunction.

      Defendants respectfully request a hearing before the Court to address Defendants' arguments that:

      (i)    Waste Management is bound by all amendments to the Trust Agreement, including those adopted in 2009, because it agreed to be bound by the Fund's Trust Agreement, "as amended," and to hold otherwise permits Waste Management to avoid its obligation under the Trust Agreement by simply breaching its obligation to submit remittance reports.

      (ii)   Even if Waste Management were not bound under the remittance reports it submitted, Waste Management is bound by the Fund's rules and regulations that are essential to the Trustees' management of the Fund, including arbitration of delinquent contribution disputes.

Honorable Faith S. Hochberg, U.S.D.J.
October 1, 2010
Page 2

> (iii) Even if Waste Management is not bound by the resolution adopted in 2009 by submitting remittance reports or by participating in the Fund, Waste Management agreed to arbitrate delinquent contribution disputes by explicitly agreeing to resolutions adopted prior to December 2008.

Therefore, Waste Management does not suffer irreparable harm *per se* and should be required to arbitrate before Arbitrator Leibowitz, who replaced the arbitrator named in the earlier resolution. If the Court holds that Waste Management is not bound by the resolution adopted in 2009 and cannot be required to arbitrate its delinquent contributions dispute before Arbitrator Leibowitz, Defendants respectfully request the Court hold that Waste Management is obligated to proceed to arbitration on its delinquent contributions dispute with the Fund before Arbitrator Wellington Davis pursuant to resolutions adopted by the Trustees prior to December 2008.

Thank you for your attention to and consideration of this matter.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

JOHN M. AGNELLO

JMA
cc:  Susan Katz Hoffman, Esq. (via ECF and email)
     Thomas Bender, Esq. (via ECF and email)
     Ronald E. Richman, Esq. (via ECF and email)