John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Ronald E. Richman
Sara E. Solfanelli
Jaimie C. Davis
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WASTE MANAGEMENT OF NEW JERSEY, INC.<br><br>Plaintiff,<br><br>v.<br><br>TEAMSTERS-EMPLOYERS LOCAL 945 PENSION FUND<br><br>-and-<br><br>TRUSTEES OF TEAMSTERS-EMPLOYERS LOCAL 945 PENSION FUND<br><br>Defendants. | Case No. 2:10-CV-03984-FSH-PS<br><br><br>**DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants, Teamsters-Employers Local 945 Pension Fund (the "Fund") and its Trustees (the "Trustees"), by and through their attorneys, Schulte Roth & Zabel LLP and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., answer the Complaint of Plaintiff, Waste Management of New Jersey, Inc. ("Waste Management"), as follows:

## PARTIES

1. Defendants admit that Plaintiff is an employer within the meaning of Sections 3(5), (11) and (12) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1002(5), (11) and (12), and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint, except aver that the Trustees are the plan sponsor of the I.B.T. Local 945 Pension Plan (the "Plan"), which is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

3. Defendants deny the allegations in paragraph 3 of the Complaint, except admit that the Trustees of the Fund are fiduciaries of the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

4. Defendants deny the allegations in paragraph 4 of the Complaint, except admit that Plaintiff purports to attach to the Complaint as Exhibit A copy of the Amended Agreement and Declaration of Trust of the Fund, and aver that Exhibit A to the Complaint is not the Amended Agreement and Declaration of Trust of the Fund (the "Trust Agreement") currently in effect.

5. Defendants deny the allegations in paragraph 5 of the Complaint, except admit that the Fund is administered in Wayne, New Jersey.

## JURISDICTION AND VENUE

6. Defendants deny the allegations in paragraph 6 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court upon the basis alleged in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint, except admit that Plaintiff purports to assert that venue is proper in this District upon the basis alleged in paragraph 7 of the Complaint.

## BACKGROUND

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 8 of the Complaint, except admit that Plaintiff purports to attach to the Complaint as Exhibit B a copy of the collective bargaining agreement Plaintiff and Teamsters Local Union No. 945 effective from July 1, 2004 through July 30, 2009 (the "2004 CBA").

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 9 of the Complaint.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except admit that Exhibits C and D to the Complaint are copies of letters dated December 26, 2008 and December 29, 2008 from counsel for Waste Management received by the Fund.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 14 of the Complaint.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 15 of the Complaint.  The allegation in the second sentence of paragraph 15 of the Complaint is a legal conclusion to which no response is required.

16.     Defendants deny the allegations in paragraph 16 of the Complaint, except admit that (a) by letter dated May 28, 2010, the Fund notified Waste Management that it owed the Fund contributions for the period January 1, 2009 through June 30, 2009 and partial withdrawal liability due to Waste Management's partial withdrawal from the Fund effective July 1, 2009 for bargaining units covered by the 2004 CBA, and (b) Exhibit E to the Complaint is a copy of the Fund's May 28, 2010 letter to Waste Management.

17.     The allegation in paragraph 17 of the Complaint is a legal conclusion to which no response is required.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, except admit that, in June 2009, the Trustees adopted an amendment to the Amended Agreement and Declaration of Trust of the Teamsters-Employers Local 945 Pension Fund, *as amended* (the "Trust Agreement"), setting forth procedures for the arbitration of delinquent contributions disputes with contributing employers, including procedures for initiating arbitration before one of three named arbitrators.

19. Defendants deny the allegation in paragraph 19 of the Complaint, except admit that Exhibit F to the Complaint is a copy of the Resolution Regarding Collection of Delinquent Contributions From Participating/Contributing Employers (the "Resolution").

20. Defendants deny the allegation in paragraph 20 of the Complaint, except admit that Plaintiff is not named as a party on the face of the Resolution.

21. Defendants deny the allegation in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint, except admit that (a) the Fund Administrator initiated arbitration pursuant to the terms of the Resolution against Waste Management in pursuit of contributions due for the period January 1, 2009 through June 30, 2009 by letter dated July 7, 2010 to Arbitrator Margaret S. Leibowitz, Esq., and (b) Exhibit G to the Complaint is a copy of the Fund's July 7, 2010 letter to Arbitrator Leibowitz.

### COUNT I: DECLARATORY JUDGMENT UNDER 29 U.S.C. §§ 1401, 1451

23. Defendants repeat and reassert each and every response herein to paragraphs 1 through 22 of the Complaint.

24. Defendants admit that the Fund asserts that Waste Management was obligated to contribute to the Fund through June 30, 2009, except the allegation in paragraph 24 of the Complaint that is a legal conclusion to which no response is required.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. The allegation in paragraph 26 of the Complaint is a legal conclusion to which no response is required.

27. The allegation in paragraph 27 of the Complaint is a legal conclusion to which no response is required.

28. Defendants deny the allegations in paragraph 28 of the Complaint, except the allegation in paragraph 28 of the Complaint that is a legal conclusion to which no response is required.

29. Defendants deny the allegations in paragraph 29 of the Complaint, except the allegations in paragraph 29 of the Complaint that are legal conclusions to which no response is required.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegation in paragraph 31 of the Complaint, and further aver that any dispute between Waste Management and the Fund over a determination made by the Trustees pursuant to Sections 4201 through 4219 of ERISA, 29 U.S.C. §§ 1381-99, shall be resolved in accordance with the terms of the Multiemployer Pension Plan Amendments Act of 1980, as amended, and the regulations promulgated thereunder.

## COUNT II: DECLARATORY JUDGMENT

32. Defendants repeat and reassert each and every response herein to paragraphs 1 through 22 of the Complaint.

33. Defendants deny the allegation in paragraph 33 of the Complaint, except admit that Plaintiff purports to bring this cause of action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201, 2202.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. The allegation in paragraph 35 of the Complaint is a legal conclusion to which no response is required.

36. Defendants deny the allegations in paragraph 36 of the Complaint, except the allegation in paragraph 36 of the Complaint that is a legal conclusion to which no response is required.

## GENERAL DENIAL

Defendants deny each and every allegation, statement, matter and thing in the Complaint not expressly admitted or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants, for their affirmative and other defenses to the Complaint, allege as follows, without assuming any burden of proof of such defenses that would otherwise rest on Plaintiff:

### As and for a First Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### As and for a Second Defense

The claims asserted against Defendants in the Complaint are barred, in whole or in part, because a declaratory judgment is not available as relief under Section 4221 of ERISA, 29 U.S.C. § 1401.

### As and for a Third Defense

The claims asserted against Defendants in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### As and for a Fourth Defense

The claims asserted against Defendants in the Complaint are barred, in whole or in part, by the doctrine of laches.

### As and for a Fifth Defense

The claims asserted against Defendants in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel and/or ratification.

### As and for a Sixth Defense

The claims asserted against Defendants in the Complaint are barred, in whole or in part, by the doctrine of unjust enrichment.

### As and for a Seventh Defense

The claims asserted against Defendants in the Complaint are barred, in whole or in part, because Plaintiff is bound, with respect to facilities covered by the 2004 CBA, by the terms of the Trust Agreement and the rules and regulations of the Fund adopted by the Trustees in effect during the term of the 2004 CBA.

### As and for a Eighth Defense

The claims asserted against Defendants in the Complaint are barred, in whole or in part, because the Resolution was duly adopted by Trustees duly appointed under the terms of the Trust Agreement.

### As and for a Ninth Defense

The claims asserted against Defendants in the Complaint are barred, in whole or in part, because Plaintiff is bound to arbitrate pursuant to the terms of the Resolution.

### As and for a Tenth Defense

The claims asserted against Defendants in the Complaint are barred, in whole or in part, because Defendants have acted at all times in good faith and within their legal and contractual rights.

## As and for a Eleventh Defense

Defendants reserve the right to amend these defenses and/or add defenses.

\* \* \*

WHEREFORE, Defendants, Teamsters-Employers Local 945 Pension Fund and Trustees of Teamsters-Employers Local 945 Pension Fund, respectfully request that the Court deny each and every request for relief by Plaintiff in the Complaint. Defendants also request judgment on their behalf dismissing the Complaint with prejudice, together with attorneys' fees and costs of this suit, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

October 19, 2010

                        John M. Agnello
                        Melissa E. Flax
                        CARELLA, BYRNE, CECCHI,
                        OLSTEIN, BRODY & AGNELLO
                        5 Becker Farm Road
                        Roseland, New Jersey 07068
                        (973) 994-1700

                        By: /s/ John M. Agnello
                              John M. Agnello

                              -and-

                        Ronald E. Richman
                        Sara E. Solfanelli
                        Jaimie C. Davis
                        SCHULTE ROTH & ZABEL LLP
                        919 Third Avenue
                        New York, New York 10022
                        (212) 756-2000

                        *Attorneys for Defendants*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is not the subject matter of any other action pending in any court, or of any pending arbitration or administrative proceeding other than an arbitration pending before Wellington Davis and a contemplated arbitration to be initiated by the Plaintiff before an arbitrator to be determined at a later date.

Dated: October 19, 2010

        John M. Agnello
        Melissa E. Flax
        CARELLA, BYRNE, CECCHI,
        OLSTEIN, BRODY & AGNELLO
        5 Becker Farm Road
        Roseland, New Jersey 07068
        (973) 994-1700

By: /s/ John M. Agnello
     John M. Agnello

        -and-

        Ronald E. Richman
        Sara E. Solfanelli
        Jaimie C. Davis
        SCHULTE ROTH & ZABEL LLP
        919 Third Avenue
        New York, New York  10022
        (212) 756-2000

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Melissa E. Flax, of full age and upon her oath, certifies as follows:

1. On October 19, 2010, Defendants' Answer to Complaint and Affirmative Defenses was filed and served via ECF and email on Plaintiff's counsel, Frank A. Custode, (fcustode@littler.com), Jacqueline K. Hall, (jhall@littler.com), Thomas Bender (TBender@littler.com), Susan Hoffman (SHoffman@littler.com) and Matthew Hank (mhank@littler.com).

*[signature]*
MELISSA E. FLAX

Dated: October 19, 2010