# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------- x

WASTE MANAGEMENT OF NEW
JERSEY, INC.

      Plaintiff,

      v.

TEAMSTERS-EMPLOYERS LOCAL 945
PENSION FUND

      and

TRUSTEES OF TEAMSTERS-
EMPLOYERS LOCAL 945 PENSION
FUND

      Defendants.

------------------------------------------------------- x

Case No. 2:10-CV-03984-FSH-PS

**JOINT DISCOVERY PLAN**

1.    For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number.

<u>Waste Management of New Jersey, Inc.</u>:

Frank A. Custode
Jacqueline K. Hall
Thomas J. Bender
Susan Katz Hoffman
Matthew J. Hank
Littler Mendelson, P.C.
A Professional Corporation
One Newark Center, 8th Floor
Newark, New Jersey 07102
fcustode@littler.com
Phone: (973) 848-4700
Facsimile: (973) 741-2309

Teamsters-Employers Local 945 Pension
Fund and Trustees of Teamsters-Employers
<u>Local 945 Pension Fund</u>:

John M. Agnello
Melissa E. Flax
Carella, Byrne, Cecchi, Olstein, Brody &
Agnello, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
JAgnello@carellabyrne.com
Phone: (973) 994-1700
Facsimile: (973) 994-1744

Ronald E. Richman
Sara E. Solfanelli
Jaimie C. Davis
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
ronald.richman@srz.com
Phone: (212) 756-2000
Facsimile: (212) 593-5955

2.    (a) Set forth a brief description of the case, including the facts, causes of action and affirmative defenses asserted.

Plaintiff, Waste Management of New Jersey, Inc. ("Waste Management"), seeks (1) a declaratory judgment that it is not required to arbitrate a delinquent contributions dispute with Defendant, Teamsters-Employers Local 945 Pension Fund (the "Fund") pursuant to a 2009 resolution of the Trustees of the Fund amending the trust agreement of the Fund (the "Resolution"), and (2) a permanent injunction enjoining any arbitration initiated under the Resolution. In the complaint, Waste Management alleges, among other things, that it never agreed to arbitrate under the Resolution and that the underlying dispute should be arbitrated pursuant to the terms of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). The Fund asserts, among other things, that Waste Management is obligated to arbitrate the delinquent contributions dispute under the Resolution because (1) it agreed to do so by signing remittance reports and by contributing to the Fund, and (2) this delinquent contributions dispute is separate from a withdrawal liability dispute and need not be arbitrated pursuant to the MPPAA.

(b) Is this a fee-shifting case?

Yes _____      No ___X___

3.    Has this action been: Settled ___No___      Discontinued ___No___

4.    Have settlement discussions taken place? Yes ___X___      No _____

If so, when?    Immediately prior to the parties October 5, 2010 preliminary injunction hearing

(a) What was plaintiff's last demand?
    (1) Monetary demand: $    N/A
    (2) Non-monetary demand:    Arbitrate the underlying dispute under the MPPAA

(b) What was defendant's last offer?
    (1) Monetary offer: $        N/A
    (2) Non-monetary offer:        N/A

5.    Core discovery needed to be able to discuss settlement in a meaningful way:

Discovery needed by Plaintiff:  Plaintiff will issue requests for the following: (1) copies of Trust Agreement and all amendments thereto; (2) copies of all resolutions or protocols relating to withdrawal liability or collection disputes adopted by Trustees; (3) evidence of proper appointment of Employer Trustees serving since 2006; (4) certain minutes of trustees' meetings since 2006; (5) copies of actuarial reports for plan years ending 2006-2009; (6) arbitration awards involving collection disputes or withdrawal liabilities, to which the Trust or Trustees were a party; (7) correspondence between and among the Trustees or their advisors and any arbitrator named as arbitrator for delinquency disputes since 2006; (8) contention interrogatories; (9) fact interrogatories; and (10) correspondence between or among the Trustees or their advisors and agents of Local 945 and their advisors and/or

parties to the Trust Agreement.  Plaintiff also intends to depose the Trustees, the Fund Administrator, and agents of Local 945.

<u>Discovery needed by Defendants</u>:  All correspondence and communications between Waste Management and the Fund and/or the Trustees, and any related materials or information; all correspondence and communications between Waste Management and the Union, and any related materials and information, with regard to delinquent contributions, Waste Management's obligation to contribute to the Fund and Waste Management's obligation to arbitrate any delinquent contribution disputes pursuant to the Resolution or a resolution adopted by the Trustees in 2007; and depositions of at least three Waste Management employees.

6.    The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1).  (If not, state the reason.)

The parties have agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before December 1, 2010.

7.    Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

There have been no problems.

8.    The parties have not conducted discovery other than the above disclosures.

9.    The parties have met pursuant to Fed. R. Civ. P. 26(f).

(a) If not, state the reason therefor.

N/A

(b) If so, state the date of the meeting and the persons in attendance.

<u>Date of meeting</u>: November 17, 2010

<u>Persons in attendance on behalf of Plaintiff</u>:

Thomas Bender
Matthew Hank

<u>Persons in attendance on behalf of Defendants</u>:

Sara Solfanelli
Jaimie Davis
Melissa Flax

(c) If this is not a joint plan, set forth the reason.

N/A

10.    (a) Discovery is needed on the following subjects:

DOC ID-14538231.3

Waste Management's alleged obligation to arbitrate delinquent contributions dispute with the Fund, including Waste Management's obligations with regard to the submission of remittance reports and contributing to the Fund; the adoption and scope of the resolutions adopted by the Trustees in 2007 and 2009

(b) Discovery should not be conducted in phases or be limited to particular issues.

(c) Maximum of 25 interrogatories by each party to each other party.

(d) Maximum of 10 depositions to be taken by each party.

(e) Fact discovery to be completed by April 30, 2011.

(f) Motions to amend or to add parties to be filed by [not needed].

(g) Plaintiff's expert report (if needed) due on: N/A

(h) Defendant's expert report (if needed) due on: N/A

(i) Expert depositions to be completed by: N/A

(j) Dispositive motions to be served within 30 days of completion of discovery.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or discovery confidentiality orders: None requested.

(l) The settlement pretrial conference may take place in May 2011.

(m) The final conference may take place on a date to be set by the Court as close as possible to the date that trial is expected to begin.

11. Do you anticipate any discovery issues, challenges or problems? Yes _____      No __X__

12. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; foreign evidence collection; problems with out-of-state witnesses or documents, etc.)? Yes _____     No __X__

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not presently appropriate, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

The determination of whether the Fund should be permanently enjoined from compelling Waste Management to arbitrate is not appropriate for arbitration.

14.   Is this trial appropriate for bifurcation? Yes _____        No ___X___

15.   We do not consent to the trial being conducted by a Magistrate Judge.

*/s/ Jacqueline K. Hall*
Attorney for Plaintiff

November 29, 2010
Date

*/s/ Melissa E. Flax*
Attorney for Defendants

November 29, 2010
Date