# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
------------------------------------------------------------x
```
WASTE MANAGEMENT OF NEW          :
JERSEY, INC.                     :
                                 :
    Plaintiff,                  :   Case No. 2:10-CV-03984-FSH-PS
                                 :
    v.                          :
                                 :
TEAMSTERS-EMPLOYERS LOCAL 945 :
PENSION FUND                     :
                                 :
    and                         :
                                 :
TRUSTEES OF TEAMSTERS-           :
EMPLOYERS LOCAL 945 PENSION      :
FUND                             :
                                 :
    Defendants.                 :
```
------------------------------------------------------------x
```

## DEFENDANTS' REPLY BRIEF ON THE ISSUE OF THE COLLATERAL ESTOPPEL EFFECT OF THE DELINQUENT CONTRIBUTIONS ARBITRATION ON THE WITHDRAWAL LIABILITY ARBITRATION

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** .......................................................................... 1

**ARGUMENT** ................................................................................................. 2

**CONCLUSION** ............................................................................................. 7

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                   **<u>Page(s)</u>**

*Bd. of Trs. of Trucking Employees of N. Jersey Welfare Fund,
   Inc-Pension Fund v. Kero Leasing Corp.*,
   377 F.3d 288, 295 n.5 (3d Cir. 2004)…………………………...……………….2

*Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. BES Servs., Inc.*,
   469 F.3d 369, 375 (4th Cit. 2006)…………………………………………….4, 5

*Howsam v. Dean Witter Reynolds*, 537 U.S. 79 (2002)…………………………....3

*McDonald v. Centra*, 118 B.R. 903, 922 (D. Md. 1990)……………………..……….4

*Penske Logistics, LLC v. Freight Drivers & Helpers Local 557 Pension Fund*,
   377 Fed. Appx. 147, 149-50 (3rd Cir. 2010) ………………..………..………….4

**<u>Statutes</u>**

Section 4221(b)(3) of ERISA, 29 U.S.C. § 1401(b)(3)…………………………4, 5

Pursuant to Paragraphs 4 and 5 of the Order of the Court dated
December 20, 2010, Defendants, Teamsters-Employers Local 945 Pension Fund
(the "Fund") and its Trustees (the "Trustees"), by and through their attorneys,
Schulte Roth & Zabel LLP and Carella, Byrne, Cecchi, Olstein, Brody & Agnello,
P.C., respectfully submit this Reply Brief on the issue of the collateral estoppel
effect of the delinquent contributions arbitration on the withdrawal liability
arbitration.[1]

## PRELIMINARY STATEMENT

The sole issue remaining in the instant action is whether this Court
will order that the factual findings of Arbitrator Davis in the Delinquent
Contributions Arbitration between the Fund and Plaintiff, Waste Management of
New Jersey, Inc. ("Waste Management"), shall have a collateral estoppel effect on
the arbitrator in any potential subsequent Withdrawal Liability Arbitration.  As set
forth in Defendants' opening brief, under well-established precedent, the issue of
whether to give collateral estoppel effect is a procedural question solely within the
discretion of the subsequent arbitrator, not the Court.  Contrary to Waste

---

[1] Defendants hereby incorporate by reference all facts contained in Defendants'
Memorandum of Law in Opposition to Plaintiff's Motion for a Temporary
Restraining Order and Preliminary Injunction to Enjoin Arbitration Schedule for
September 29, 2010 [Docket No. 24] and in Defendants' Brief on the Issue of the
Collateral Estoppel Effect of the Delinquent Contributions Arbitration on the
Withdrawal Liability Arbitration [Docket No. 43] ("CE Op. Br.").  Capitalized
terms used and not otherwise defined herein shall have the meaning ascribed to
such terms in Defendants' CE Op. Br.

Management's assertion, a ruling by the Court in the Fund's favor will best carry

out the statutory mandates of the Employee Retirement Income Security Act of

1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments

Act of 1980 ("MPPAA"), 29 U.S.C. § 1381 *et seq.*, and federal law governing

arbitration.[2]

## ARGUMENT

Waste Management erroneously states that the Fund asks the Court to

hold that the factual findings of the arbitrator in the Delinquent Contributions

Arbitration must have a collateral estoppel effect in a potential subsequent

Withdrawal Liability Arbitration.  (*See, e.g.*, CE Resp. Br. at 5, 7.)  Contrary to

Waste Management's misreading of Defendant's opening brief, Defendants request

---

[2] The issue of the collateral estoppel effect of the Delinquent Contributions
Arbitration on any subsequent Withdrawal Liability Arbitration may be moot,
depending on the resolution of the action the Fund recently filed with this Court on
February 16, 2011.  *See Teamsters-Employers Local 945 Pension Fund, et al. v.
Waste Management of New Jersey, Inc.*, Case No. 2:11-CV-00902-FSH-PS.  In the
new action, the Fund asserts that Waste Management's unilateral initiation of the
Withdrawal Liability Arbitration was untimely.  *Id.*

Under the "exacting procedures set forth in [MPPAA]," (Response to Defendant's
Brief on the Collateral Estoppel Effect of the Delinquent Contributions Arbitration
on the Withdrawal Liability Arbitration [Docket No. 45] ("CE Resp. Br.") at 4), if
Waste Management failed to timely initiate arbitration, it forfeited its right to
challenge, *inter alia*, the Trustees' determination regarding the date of partial
withdrawal and the calculation of partial withdrawal liability.  *See Bd. of Trs. of
Trucking Employees of N. Jersey Welfare Fund, Inc-Pension Fund v. Kero Leasing
Corp.*, 377 F.3d 288, 295 n.5 (3d Cir. 2004) (citing *IUE AFL-CIO Pension Fund v.
Barker & Williamson, Inc.*, 788 F.2d 118, 129 (3d Cir. 1986)).

2

*only* that this Court rule—in accordance with well-established precedent—that the issue of whether to give collateral estoppel effect to an award issued by the arbitrator in the Delinquent Contributions Arbitration is a procedural question solely within the discretion of the arbitrator in a Withdrawal Liability Arbitration, if one occurs.  (CE Op. Br. at 10.)[3]  Waste Management explicitly admits—that these cases "stand for the proposition that collateral estoppel is usually an issue for a second arbitrator to decide . . . ."  (*Id.*)

Contrary to Waste Management's assertion, permitting the arbitrator in the Withdrawal Liability Arbitration, if any, to decide the collateral estoppel issue would give the best effect to MPPAA's statutory scheme.  Waste Management's unsupported contention that *Howsam v. Dean Witter Reynolds*, 537 U.S. 79 (2002), and its progeny—which apply the principles of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), to private agreements to arbitrate— are inapplicable to statutorily-mandated arbitration under MPPAA is wrong.  In fact, the language of MPPAA expressly incorporates the FAA by reference.

---

[3] Waste Management suggests incorrectly that the Collateral Estoppel Order was within the scope of relief it requested. (*See, e.g.*, CE Resp. Br. at 4-5, 8.)  To the contrary, Waste Management's Complaint [Docket No. 1] and its Brief in Support of Motion for Temporary Restraining Order and Preliminary Injunction to Enjoin Arbitration Scheduled for September 29, 2010 [Docket No. 21, Attachment 1] asked the Court to enjoin arbitration of the parties' delinquent contributions dispute under the 2009 Resolution.

Section 4221(b)(3) of ERISA, which was added by the MPPAA,

provides:

> Any arbitration proceedings under [MPPAA] shall, to the extent
> consistent with [MPPAA], be conducted in the same manner, subject
> to the same limitations, carried out with the same powers . . . , and
> enforced in United States courts as an arbitration proceeding carried
> out under title 9, United States Code [(the Federal Arbitration Act)].

Section 4221(b)(3) of ERISA, 29 U.S.C. § 1401(b)(3); *see Penske Logistics, LLC*

*v. Freight Drivers & Helpers Local 557 Pension Fund*, 377 Fed. Appx. 147, 149-

50 (3rd Cir. 2010) ("Arbitration proceedings mandated by [MPPAA] are governed

by the rules in the Federal Arbitration Act (FAA).").

Waste Management's implication that the respective intent of

MPPAA and the FAA are mutually exclusive is misplaced.  (*See, e.g.*, CE Resp.

Br. at 10.)  *See Penske Logistics*, 377 Fed. Appx. at 149; *Bd. of Trs., Sheet Metal*

*Workers' Nat'l Pension Fund v. BES Servs., Inc.*, 469 F.3d 369, 375 (4th Cit.

2006) ("[A MPPAA] arbitration proceeding is conducted as any arbitration would

be conducted under the Federal Arbitration Act."); *McDonald v. Centra*, 118 B.R.

903, 922 (D. Md. 1990) (recognizing that Section 4221(b)(3) of ERISA "vest[s]

MPPAA arbitrators with the same powers as those conducting proceedings under

the FAA").

The cases interpreting the FAA and holding that issues of procedural

arbitrability—such as collateral estoppel—are for the arbitrator to decide—are

4

"consistent with [MPPAA]" and should not be disregarded by the Court. *See* Section 4221 of ERISA, 29 U.S.C. § 1401(b)(3). "MPPAA requires arbitration . . . of *any dispute* concerning a determination of withdrawal liability, whether the dispute is about a legal or factual matter . . . ." *BES Servs., Inc.*, 469 F.3d at 375 (citing Section 4221(a) of ERISA, 29 U.S.C. § 1401(a)). Inherent in the MPPAA arbitrator's authority to determine factual issues is his or her sole discretion to determine whether to give collateral estoppel effect to a prior arbitrator's determination of the facts relating to the plan's determination of withdrawal liability. Indeed, the ruling sought by Waste Management—that the Court is permitted to resolve the collateral estoppel issue—would frustrate the "arbitrate first" principal of MPPAA.

The Court's ruling in favor of the Fund would place the determination of whether Waste Management is entitled to a "clean slate," as it requests in its brief, in front of the arbitrator, where it belongs under MPPAA.[4] (CE Resp. Br. at 6, 7.)

----

[4] Although the resolution of the end date of Waste Management's obligation to contribute to the Fund under the 2004 CBA is relevant both in the Delinquent Contributions Arbitration and in any Withdrawal Liability Arbitration, Waste Management incorrectly asserts that it is the "single underlying issue." (CE Resp. Br. at 2.) Rather, the date of the termination of Waste Management's obligation to contribute is only one of many issues to be decided in the withdrawal liability dispute.

Accordingly, Defendants ask that the Court give statutory effect to MPPAA and the FAA and not include the Collateral Estoppel Order in the Final Judgment entered in this matter.

## CONCLUSION

For the reasons set forth herein and in Defendants' opening brief, Defendants respectfully request that the Court rule that the arbitrator in a Withdrawal Liability Arbitration, if one occurs, has the sole discretion to determine whether to consider *de novo* or to give the force of collateral estoppel to the factual findings of the arbitrator in the Delinquent Contributions Arbitration.

Respectfully submitted,

Dated:      March 8, 2011

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

By:   */s/ Melissa E. Flax*

John M. Agnello
Melissa E. Flax
5 Becker Farm Road
Roseland, New Jersey  07068-1739
(973) 994-1700

*Of Counsel:*

SCHULTE ROTH & ZABEL LLP
Ronald E. Richman
Jaimie C. Davis
919 Third Avenue
New York, New York  10022
(212) 756-2000

*Attorneys for Defendants Teamsters-Employers Local 945 Pension Fund and Trustees of Teamsters-Employers Local 945 Pension Fund*

7

## CERTIFICATE OF SERVICE

Melissa E. Flax, of full age and upon her oath, certifies as follows:

On March 8, 2011, the Defendants' Reply Brief On The Issue Of The Collateral Estoppel Effect Of The Delinquent Contributions Arbitration On The Withdrawal Liability Arbitration were filed and served via and ECF electronic mail on Plaintiff's counsel, Frank A. Custode. (fcustode@littler.com), Jacqueline K. Hall. (jhall@littler.com), Thomas Bender (TBender@littler.com), Susan Hoffman (SHoffman@littler.com) and Matthew Hank (mhank@littler.com).

/s/ Melissa E. Flax
MELISSA E. FLAX

Dated:        March 8, 2011